No. 47     February 21, 2018     533

## IN THE OREGON TAX COURT
## REGULAR DIVISION

## LEVEL 3 COMMUNICATIONS, LLC,
*Plaintiff,*

*v.*

## DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5315)

In advance of trial in consolidated cases related to this matter, Defendant Department of Revenue (the department), moved to consolidate the case with pending litigation regarding previous tax years, arguing that the similarities between the case and the previously consolidated cases were such that the resources of the parties and the court would be spared by trying all tax years together. Plaintiff (taxpayer) argued that it would be disadvantaged by the limited time to prepare an additional tax year for trial. The department also moved to amend its Answer to assert a real market value higher than that originally assessed for property at issue. Denying the motion to consolidate and granting the motion to amend its Answer, the court ruled that this case was in an earlier procedural stage than the consolidated cases, and that the department as the moving party had not shown that the facts and evidence as between the 2017-18 tax year and the years in consolidation were substantially the same.

Oral argument on Defendant's Motion to Consolidate and Defendant's Motion to Amend Answer was held on February 14, 2018, via telephone.

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the motions and argued the cause for Defendant Department of Revenue (the department).

Cynthia M. Fraser, Garvey Schubert Barer PC, Portland, filed the response and argued the cause for Plaintiff (taxpayer).

Decision rendered February 21, 2018.

**ROBERT T. MANICKE, Judge.**

### I.    INTRODUCTION

This matter is before the court on two motions of Defendant Department of Revenue (the department). The first motion is to consolidate this case, which concerns tax

year 2017-18, with cases TC 5236 (Control), TC 5269, and TC 5291 (the consolidated cases), which are already consolidated for trial and concern tax years 2014-15 through 2016-17. The second motion is to amend the department's Answer to assert a real market value higher than that originally assessed for property owned by Plaintiff Level 3 Communications, LLC (taxpayer). The court will address these motions in turn.

## II.    MOTION TO CONSOLIDATE

As stated, the department moves to consolidate this case, which concerns tax year 2017-18, with the consolidated cases, which concern tax years 2014-15 through 2016-17. The department argues that the similarities between this case and the consolidated cases are such that the resources of the parties and the court will be spared by trying all tax years together. Based on its declaration, taxpayer argues that its experts and counsel lack the time necessary to prepare this case for trial with the consolidated cases on April 5, 2018, including preparation of an appraisal report.

The rule providing for consolidation is Tax Court Rule (TCR) 53. TCR 53 A provides:

> "Upon motion of any party, when more than one action involving a common question of law or fact is pending before the court, the court may order a joint hearing or trial of any or all of the matters in issue in such actions; the court may order all such actions consolidated; and it may make such orders concerning proceedings therein as may tend to *avoid unnecessary costs or delay. In property tax cases, each year constitutes a separate action.* Cases involving more than one year may be consolidated for trial *if the facts and evidence are substantially the same* and can be separately established as to each year without confusion."

(Emphases added.)

Trial in the consolidated cases was originally scheduled for December 2017.[1] It was then postponed to April 2018 to accommodate the transition of the court from (now Senior) Judge Breithaupt to Judge Manicke on January 1, 2018. In that postponement, the number of days of trial was reduced

---

[1] The court takes judicial notice of the records in the consolidated cases.

from eight to seven due to the limited availability of expert witnesses and counsel. If this case were to be included in the consolidated trial, the court finds, based upon taxpayer's representations, that trial would need to be postponed again, with additional days added to accommodate tax year 2017-18.

This case is at a much earlier procedural stage than the consolidated cases. Taxpayer filed its Complaint in the Magistrate Division on October 23, 2017, and only on December 8, 2017, did the parties jointly request special designation to this division. In contrast, as of that date the consolidated cases were already substantially farther along in the process, as evidenced by the original trial date of December 4, 2017.

The facts to date on record in this case indicate that the case is likely to involve complex determinations of fact. The issues include quantifying taxpayer's overall "system value"[2] (undisputedly in the billions of dollars), including intangible property, and determining the proportion of that system value assessable in Oregon. *See* ORS 308.550 (2017). While the valuation of taxpayer's property in this case might rely on similar evidence as in prior tax years,[3] the department has not effectively rebutted taxpayer's assertion that substantial effort is required to prepare an appraisal report that will sustain taxpayer's burden of proof as to each year.[4] That effort includes conducting an independent analysis of market conditions, assumptions, and facts specific to the January 1, 2017, assessment date.

---

[2] The department's rules use the term "system value" to mean the value of a centrally assessed taxpayer's integrated group of assets functioning as an economic unit within and without Oregon. *See* OAR 150-308-0695.

[3] A June 14, 2017, letter from taxpayer to the department, attached to taxpayers' Complaint in this case, lists two pages of bullet points of specific items that apparently were in dispute at that time. The communications between the parties on the record in the consolidated cases contain no indication whether the same specific issues are involved in the consolidated cases.

[4] The court notes that its analysis focuses on the *factual* issues relating to tax year 2017-18. In their Joint Petition for Special Designation, the parties indicated that this case "involves legal issues currently before this court in other tax appeals." Even if the legal issues are a substantial part of this case, the court's analysis would still stand because the consolidated cases are set for *trial* on the valuation issues.

The department notes that tax year 2017-18 is the last year in which taxpayer was assessed as an independent business. This is because taxpayer has been the subject of a transaction with CenturyLink, Inc. (CenturyLink) and apparently will be part of a different centrally assessed unit starting with tax year 2018-19. Commonality of the central assessment unit, however, tells the court nothing about the degree of similarity between this tax year and the prior, consolidated years as to the factual issues to be analyzed, including market conditions and appraisal assumptions.

In sum, the department as the moving party has not shown that the "facts and evidence" as between the 2017-18 tax year and the years in consolidation are "substantially the same."

Nor has the department shown that consolidation will tend to "avoid unnecessary costs or delay." Taxpayer argues strenuously that it would be disadvantaged by the limited time to prepare an additional tax year for trial by April 8, 2018, including exchanging within the coming two to four weeks the appraisal work papers on which its experts would rely at trial.[5] The parties apparently at one point sought to schedule the trial for June 2018 but could not find a block of time that fit the schedules of all involved; otherwise, neither party has suggested pushing back trial to accommodate the additional tax year. Accordingly, rather than avoiding delay, the court finds that consolidation would *cause* delay in the resolution of the existing consolidated cases, prolonging the uncertainty for the parties—and for the counties in which taxpayer's property is located—for tax years going back to 2014-15.

Ultimately, notwithstanding some obvious factual similarities between the cases, the court concludes that any cost savings resulting from consolidation are heavily outweighed by the additional delay that would result in postponing the April 2018 trial to accommodate the consolidation. That postponement would be required to both add trial days to accommodate the additional tax year, and to allow

---

[5] The department offered to delay by up to two weeks the customary appraisal exchange deadline of 30 days before trial, but taxpayer asserted that that delay still would leave its experts insufficient time to prepare.

taxpayer time to prepare an appraisal report for tax year 2017-18. The department's motion to consolidate is denied.

## III.   MOTION TO AMEND ANSWER

The department moves to amend its Answer to add a counterclaim. The counterclaim in this case is materially identical to the counterclaims addressed by the court in *Level 3 Communications, LLC v. Department of Revenue*, TC 5236 (Control) (Order Granting Defendant's Motions to Amend Answers and Motion to Compel Production of Documents).

The counterclaim asserts a higher system value (not exceeding $34 billion) than that which was ordered by the Director after holding a conference ($25 billion in this case). The department bases its new assertion at least in part on its allegation that a transaction was completed on or about November 1, 2017, in which taxpayer was merged into a subsidiary of CenturyLink, with consideration paid to the former shareholders of taxpayer including cash and CenturyLink stock.

Taxpayer filed no written objection to this motion but at the hearing advanced arguments against amendment in the consolidated cases that the court understands to apply to this case as well. Notwithstanding the failure to file a written objection in this case, the court considers those arguments and rejects them for the reasons stated in *Level 3 Communications, LLC*, TC 5236 (Control), and because of the early procedural stage of this case.

The department is granted leave to amend its Answer to assert its counterclaim.

## IV.   CONCLUSION

The department's motion to consolidate is denied. The department's motion for leave to amend its Answer is granted. Now, therefore,

IT IS ORDERED that Defendant's motion to consolidate is denied.

IT IS FURTHER ORDERED that Defendant's motion to amend its Answer for tax year 2017-18, is granted; and

IT IS FURTHER ORDERED that the amended Answer submitted by Defendant on or about January 19, 2018, is deemed filed and served on Plaintiff as of the date of this order.